**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Christopher Goff, | No. CV-25-04537-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| ALK Asphalt LLC, et al., | |
| Defendants. | |

Plaintiff filed a complaint and a motion to proceed in forma pauperis. (Docs. 1-2). Plaintiff thereafter filed an amended complaint. (Doc. 6).

## I.    Legal Standards

### A.    Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

### B.    Screening – 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

Because Plaintiff has moved to proceed in forma pauperis, the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

## II.    Discussion

### A.    Ability to Pay

In his application to proceed in forma pauperis (Doc. 2), Plaintiff claims he has no income or assets. He also states that he is a disabled veteran, but that he receives no financial assistance.

Taking the application as true, Plaintiff does not have the ability to pay and will be granted in forma pauperis status. However, the Court questions how Plaintiff is surviving if he receives no support from any sources. *See Kennedy*, 2005 WL 3358205, *2 ("Congress provided with respect to in forma pauperis cases that a district court 'shall dismiss the case at any time if the court determines' that the 'allegation of poverty is untrue') (citing 28 U.S.C. § 1915(e)(2)). Plaintiff is cautioned that he must amend the application if any portion of it is untrue or inaccurate.

### B.    Screening

The amended complaint is 34 pages long, names 9 separate Defendants (some of

whom are groups) and includes 15 separate Counts. (Doc. 6). The first 16 pages of the amended complaint is a narrative of mostly legal conclusions.

While Plaintiff breaks apart his 15 causes of action, he does not specify which cause of action is against which Defendant and instead brings most of the Counts against all Defendants. Grouping Defendants together typically will not survive screening. Specifically, for a complaint to be plausible, it cannot be a "shotgun pleading…. One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).

Here, for example, Plaintiff alleges "retaliation" in Count 2 against "all Defendants". (Doc. 16 at 18). Plaintiff does not specify what each of the 9 Defendants allegedly did to retaliate against him. Further Plaintiff does not allege what his relationship is with each Defendant such that the Court could determine what legal duty, if any, a particular Defendant has to not retaliate against Plaintiff. Instead, Plaintiff alleges that he engaged in protected activity under the Americans with Disabilities Act when he requested a reasonable accommodation, and that he was retaliated against for doing so. (Doc. 16 at 18).

The 9 Defendants in this case include: ALK Asphalt LLC, Adam Kautman, Donald W. Hudspeth, the City of Phoenix, the State Bar of Arizona, James D. Lee, Laura Pastor, "District 4 Staff", "John Does 1-50" and Jennifer Ryan-Touhill (a Maricopa County Superior Court Judge). The Court cannot determine what interaction (if any) Plaintiff had with ALK Asphalt LLC, Adam Kautman, or Donald W Hudspeth. Plaintiff claims the City of Phoenix, District 4 Staff, and Laura Pastor (a City of Phoenix Councilperson) engaged in selective enforcement of codes and regulations against Plaintiff (no particular actions by any Defendant are alleged). Plaintiff claims the State Bar of Arizona and attorney James Lee engaged in an unauthorized practice of law referral against Plaintiff. Plaintiff claims

Judge Ryan-Touhill did not accommodate his disability and forwarded an unauthorized practice of law referral against Plaintiff.

Plaintiff fails to state a claim against any Defendant.  Plaintiff fails to allege the nature of his disability; he instead concludes that he is covered by the Americans with Disabilities Act. Plaintiff fails to allege his requested accommodation (or how it was presented to each Defendant).  Plaintiff fails to allege why each Defendant had a duty to accommodate him.   Finally, Plaintiff fails to allege how any of the actions by each Defendant were retaliatory; and with respect to some Defendants, Plaintiff fails to allege any actions at all.

Additionally, Rule 20(a)(2) permits the joinder of multiple Defendants when: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Here, Plaintiff appears to be suing four groups of Defendants for completely unrelated reasons.  This is a further reason why the amended complaint cannot be allowed to proceed against all 9 Defendants.

While the Court has, for illustrative purposes, discussed Count 2 of the amended complaint in detail, each Count of the amended complaint suffers from the same deficiencies.  Accordingly, the amended complaint will be dismissed in its entirety.

## III.    Leave to Amend

If the Court determines a pleading could be cured by Plaintiff alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc); *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity to cure the complaint's deficiencies by amendment unless it is clear the plaintiff could not do so).  However, leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," *United States v.*

*Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

Plaintiff has already amended his complaint once. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Notwithstanding that Plaintiff has already amended his complaint once, the Court cannot say with certainty that Plaintiff cannot cure some Counts against some Defendants with the inclusion of additional facts, and the dismissal of unrelated facts. Therefore, the Court will grant Plaintiff leave to amend.

Plaintiff is cautioned that an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat all prior complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of any prior complaint by reference.

Importantly, the amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts which satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff is advised this case will be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

**IV.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the amended complaint is dismissed.  Plaintiff has 30 days from the date of this Order to file a second amended complaint.  If Plaintiff fails to file a second amended complaint within this deadline, the Clerk of the Court shall enter judgment dismissing this case.  If Plaintiff files a second amended complaint, it shall not be served until it is screened.

Dated this 15th day of January, 2026.

James A. Teilborg
Senior United States District Judge