**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ryan Christopher Goff,

Plaintiff,

v.

City of Phoenix, et al.,

Defendants.

No. CV-25-04537-PHX-JAT

**ORDER**

To initiate this case, Plaintiff filed a complaint and a motion to proceed in forma pauperis. (Docs. 1-2). Plaintiff thereafter filed an amended complaint. (Doc. 6). On January 15, 2026, this Court screened the amended complaint under 28 U.S.C. § 1915(e)(2). (Doc. 10). The Court granted Plaintiff leave to proceed in forma pauperis. (*Id.*) The Court also found the amended complaint failed to state a claim and dismissed the amended complaint with leave to amend. (*Id.*). The Court further stated that if a second amended complaint was filed, it could not be served until it was screened by this Court. (*Id.*).

Plaintiff filed a second amended complaint. (Doc. 11). That filing was late under the Court's order allowing amendment. While the Court will, on this one occasion, accept this late filing, Plaintiff is cautioned that going forward he must comply with all deadlines or risk waiver, forfeiture or dismissal.

## I.      Screening – 28 U.S.C. § 1915(e)(2)

As discussed in the January 15, 2026 Order:

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

**II.    Discussion**

In the second amended complaint, Plaintiff sues two Defendants: the City of Phoenix and Kini L.E. Knudson in her official capacity as Director of the Street Transportation Department of the City of Phoenix.  In short summary, Plaintiff alleges that he has a disability and that the public pedestrian path and sidewalk in front of his home do not accommodate his disability because of a repeated flooding issue.  Plaintiff brings two causes of action: an alleged violation of the Americans with Disabilities Act and an alleged *Monell* claim under 42 U.S.C. § 1983.  In addition to other relief, Plaintiff seeks a preliminary and permanent injunction requiring Defendants to change the engineering of this public area to prevent flooding.

On this record, the Court finds that the second amended complaint against the two named Defendants states a claim sufficiently to survive screening.  Thus, the Court will permit Plaintiff to serve the second amended complaint on the City of Phoenix and Kini L.E. Knudson.  These two Defendants will be required to respond to the second amended complaint.  The Court's finding that the second amended complaint survives screening is without prejudice to Defendants filing a motion to dismiss if they deem such a motion to be appropriate.  *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

### III.    Conclusion

Based on the Court's screening of the second amended complaint,

**IT IS ORDERED** that Plaintiff must serve the summons, complaint and a copy of this Order on each of the City of Phoenix and Kini L.E. Knudson within 60 days of the date of this Order.  Plaintiff may either serve the second amended complaint through his own means, or file a motion asking for service by the U.S. Marshals.  Any motion for Marshal service must be filed within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that the Court will take no action on Plaintiff's request for preliminary injunctive relief found in the second amended complaint.  To obtain preliminary injunctive relief Plaintiff must file a motion that complies with Federal Rule of Civil Procedure 65.

**IT IS FURTHER ORDERED** that Defendants (the City of Phoenix and Kini L.E. Knudson) must answer or otherwise respond to the second amended complaint within the time limits set by the Federal Rules of Civil Procedure.

Dated this 27th day of February, 2026.

James A. Teilborg
Senior United States District Judge

- 3 -